UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

KERRY CARTER,  )
 )
    Petitioner,  )
 )
  v.  )  No. 4:06 CV 1301 CDP
 )                     DDN
TROY STEELE,  )
 )
    Respondent.  )

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

This matter is before the court upon the petition of Kerry Carter, a Missouri state prisoner, for a writ of habeas corpus under 28 U.S.C. § 2254. The petition was referred to the undersigned United States Magistrate Judge for review and a recommended disposition in accordance with 28 U.S.C. § 636(b).

**PROCEDURAL BACKGROUND**

After a jury trial in the Circuit Court of the City of St. Louis, on March 3, 2003, Carter was convicted of one count of attempted first degree robbery, driving while license was revoked, and resisting a lawful stop.[1] (Doc. 5 Ex. 2 at 68, 70, 71.) He was sentenced to terms of imprisonment which totaled sixteen and one-half years. (Id. at 83.) The Missouri Court of Appeals affirmed the conviction. State v. Carter, 145 S.W.3d 854 (Mo. Ct. App. 2004) (summary order);(Doc. 5, Ex. 5 Memorandum Supplementing Order).

The circuit court denied Carter's Rule 29.15 post-conviction relief motion. Upon appeal, the Missouri Court of Appeals affirmed the denial of post-conviction relief. Carter v. State, 187 S.W.3d 917 (Mo. Ct. App. 2006) (summary order); (Doc. 5 Ex. 10 Memorandum Supplementing Order).

---

[1]Petitioner was acquitted of armed criminal action related to the attempted robbery. (Id. Ex. 2 at 55, 69.)

**FEDERAL HABEAS PETITION**

Petitioner Carter filed the instant federal habeas corpus petition under 28 U.S.C. § 2254. Carter alleges the following grounds for relief:

1. The evidence was insufficient to support his conviction for attempted first degree robbery.

2. His appellate counsel rendered constitutionally ineffective assistance by failing to challenge the jury verdicts as inconsistent.

## DISCUSSION

**Procedural Default**

"[A] habeas petitioner must have raised both the factual and legal bases for each . . . claim in the state courts in order to preserve the claim for federal [habeas corpus] review." King v. Kemna, 266 F.3d 816, 821 (8th Cir. 2001) (en banc) (quoted case citation omitted). A petitioner's failure to present a claim on appeal from a circuit court ruling raises a procedural bar to pursuing the claim in a habeas action in this court. Sweet v. Delo, 125 F.3d 1144, 1149-1150 (8th Cir. 1997); Boyd v. Groose, 4 F.3d 669, 671 (8th Cir. 1993).

Petitioner may avoid the procedural bar, if he can demonstrate legally sufficient cause for the default and actual prejudice resulting from it, or if he can demonstrate that failure to review the claim would result in a fundamental miscarriage of justice. Coleman v. Thompson, 501 U.S. 722, 750 (1991). To establish sufficient cause for the procedural default, petitioner must demonstrate that some objective factor external to the defense impeded his efforts to comply with a state procedural requirement. Id. at 750-752.

To demonstrate failure to review his grounds for relief would result in a fundamental miscarriage of justice, a petitioner may show that he was actually innocent. Murray v. Carrier, 477 U.S. 478, 495-496 (1986). A habeas petitioner asserting actual innocence to support his allegations of constitutional error must do so with new, reliable evidence. Schlup v. Delo, 513 U.S. 298, 324 (1995). Without new evidence of innocence, even a meritorious constitutional claim is not

sufficient to allow a habeas court to reach the merits of a procedurally defaulted claim. Id. at 316.

**Standard of Review**

Habeas relief may be granted by a federal court on a claim previously adjudicated on its merits in a state court only when petitioner can show the state court decision:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2). "A state court's decision is contrary to clearly established law if the controlling case law requires a different outcome either because of factual similarity to the state case or because general federal rules require a particular result in a particular case." Tokar v. Bowersox, 198 F.3d 1039, 1045 (8th Cir. 1999). The issue this court faces when deciding whether a state court unreasonably applied federal law is "whether the state court's application of clearly established federal law was objectively unreasonable." Williams v. Taylor, 529 U.S. 362, 409 (2000) (concurring opinion of O'Connor, J.). A federal habeas court may not issue a writ under the "unreasonable-application" clause "simply because that court concludes in its independent judgment that the relevant state court decision applied clearly established federal law erroneously or incorrectly." Williams, 529 U.S. at 411; see also Johnston v. Luebbers, 288 F.3d 1048, 1050 (8th Cir. 2002).

**Ground 1**

In Ground 1, Carter alleges there is legally insufficient evidence to support the attempted robbery guilty verdict, because the jury found him not guilty of possession of a deadly weapon but found him inconsistently guilty of attempted armed robbery based on an instruction

which defined robbery in the first degree as forcibly stealing "and in the course of stealing is armed with a deadly weapon." (Doc. 5 Ex. 2. at 54.)

This first ground is procedurally barred, because petitioner did not raise it before the state courts and, thus, it was not adjudicated there upon its merits.[2] However, petitioner may be able to overcome the procedural bar through an ineffective counsel claim. "[I]f counsel was constitutionally deficient under Strickland standards, the cause factor necessary to lift the procedural bar is lifted." Clemons v. Luebbers, 381 F.3d 744, 752 (8th Cir. 2004).

In order for Carter to prevail on his insufficient evidence claim, he must prevail on his ineffective assistance of counsel argument. Since Carter does not prevail on his ineffective counsel argument, as set forth below, he cannot avoid the causation prong of the procedural bar. Therefore, Ground 1 is procedurally barred. However, the court may determine the merits of Ground 1 when the court finds the ground without merit. 28 U.S.C. § 2254 (b)(2).

Petitioner's Ground 1 is without merit. The applicable standard for determining whether a state court conviction is supported by a legally sufficient record requires the reviewing court to view the evidence in the light most favorable to the prosecution and to determine whether "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979).

In Carter's case, a rational trier of fact could have found the essential elements of attempted first degree armed robbery beyond a reasonable doubt. The criminal complaint charged petitioner with committing *attempted* first degree armed robbery, in violation of §§ 569.020 and 564.011, RSMo (2000), when he "displayed what appeared to be a firearm and demanded money from Kathleen Norman, and such conduct was a substantial step toward the commission of the crime of Robbery

---

[2] Carter attempted to raise the inconsistent verdicts argument, but was unable to do so when he was denied leave to file a supplemental brief on direct appeal by the Missouri Court of Appeals. (Doc. 5 Ex. 12 at 3.)

First Degree, and was done for the purpose of committing such crime."
(Doc. 5 Ex. 2. at 6.)

A rational jury could have found that he committed this crime. First, a rational jury could have found that petitioner displayed what appeared to be a handgun and demanded money from the victim. The victim testified at trial that Carter walked up to her car and twice stated to her, "Give me all your money or I'll blow your mother fucking brains out." (Id. Ex. 1 at 166, 172.), and that she saw Carter holding an object with a white handle in his right hand. (Id. at 169.) A rational trier of fact could have concluded that petitioner displayed what appeared to be a firearm and demanded money from her.

The victim testified she wrote down the license plate of the vehicle and recognized the vehicle's color, and, after petitioner was arrested by the police while driving that vehicle, the victim identified him. (Id. Ex. 1 at 172, 175, 184.) Based on the license plate given by the victim, police officers attempted to stop the vehicle driven by petitioner. Police Officer Justin Gentilini at trial identified petitioner as the suspect driving the car they chased and eventually stopped. (Id. at 220.)

Given all the details the victim was able to recite about the incident, Carter, and the vehicle Carter was driving, there was substantial evidence such that a rational trier of fact could have found all the essential elements requisite to Carter's attempted armed robbery conviction.

**Ground 2**

In Ground 2, Carter alleges ineffective assistance of counsel, because his attorney failed to argue on direct appeal that the jury rendered inconsistent verdicts by finding him guilty of attempted first degree robbery but not guilty of the related armed criminal action. Carter properly raised this ground in his state court motion seeking post-conviction relief. (Id. Ex. 6 at 45-46.)

In Strickland v. Washington, 466 U.S. 668 (1984), the Supreme Court defined ineffective assistance of counsel under the Sixth and Fourteenth Amendments. The Strickland test requires federal habeas corpus relief

if it is shown that "counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Strickland, 466 U.S. at 686.

A petitioner must prove two elements to prevail on a claim of ineffective assistance of counsel. First, a habeas petitioner must demonstrate that counsel's performance fell below an objective standard of reasonableness. Id. at 687-688. There is a strong presumption that counsel has rendered constitutionally effective assistance. Id. at 690; Blackmon v. White, 825 F.2d 1263, 1265 (8th Cir. 1987). Counsel's strategic choices made after thorough investigation are virtually unchallengeable, and decisions following reasonable, but less thorough, investigation are to be upheld to the extent that they are supported by reasonable judgment. Strickland, 466 U.S. at 690-691.

The second element of the Strickland test requires that a habeas petitioner demonstrate that he was actually prejudiced by counsel's dereliction of duty. Id. at 687. To show prejudice, the habeas petitioner must establish that counsel's deficient performance rendered the outcome of the proceeding unreliable or fundamentally unfair. Id. at 687; Lockhart v. Fretwell, 506 U.S. 364, 369-370 (1993). In addition, the prejudice must not be simply a "possibility" but an "actual and substantial disadvantage, infecting [petitioner's] entire trial with error of constitutional dimensions." United States v. Frady, 456 U.S. 152, 170 (1982).

Petitioner's claim of ineffective assistance of counsel is without merit. He argues that it was unreasonable that his appellate counsel did not argue the inconsistent verdicts on direct appeal. The Supreme Court has held that "appellate counsel who files a [brief challenging the merits of the case] need not (and should not) raise every nonfrivolous claim, but rather may select from among them in order to maximize the likelihood of success on appeal." Smith v. Robbins, 528 U.S. 259, 288 (2000).

In petitioner's case, under Missouri law, if trial counsel did not object to the verdict as inconsistent, the claim is waived. State v. Flemons, 144 S.W.3d 877, 881 (Mo. App. W.D. 2004). If thus waived, the inconsistent verdict claim may be reviewed on appeal only for plain

error.  Id.  To prevail on a claim of plain error, the petitioner bears the burden of establishing manifest injustice.  State v. Mayes, 63 S.W.3d 615, 624 (Mo. banc 2001).

In Missouri, "[a]n inconsistent verdict . . . does not require a reversal provided there is sufficient evidence to support the jury's finding of guilt."  State v. Clemons, 643 S.W.2d 803, 805 (Mo. banc 1983).  Missouri courts have also defined sufficient evidence as evidence which is sufficient for a reasonable juror to find each element of the crime beyond a reasonable doubt.  State v. Rousan, 961 S.W.2d 831, 841 (Mo. 1998).  Thus, the burden on appeal to prevail on an inconsistent verdict claim is rather high.

In denying petitioner's post-conviction relief motion, the circuit court stated that in order to show ineffective assistance of counsel, petitioner must show both deficient performance and prejudice. (Doc. 5 Ex. 6 at 61.)  The circuit court concluded petitioner was not prejudiced by counsel's failure to raise the issue, because in effect the verdicts were not inconsistent.  This is because the applicable law and verdict director instructions submitted to the jury did not require that petitioner be armed in order to commit attempted first degree robbery.  They required only that he take a substantial step toward committing that crime by approaching the victim, demanding money, and threatening to shoot her. (Id. Ex. 2 at 46.)  In contrast, the requisite elements for the crime of armed criminal action required that petitioner actually be armed.  (Id. at 47.)  Thus, if appellate counsel had raised the claim of  inconsistent verdicts on appeal, it most likely would have been rejected.  The circuit court's denial of petitioner's post-conviction relief motion, because he did not establish prejudice, was reasonable and proper.

The Missouri Court of Appeals did not reach the issue of prejudice, because it found appellate counsel's decision to argue the Batson challenge to voir dire, instead of the inconsistent verdicts, to be a strategic choice made to maximize the chance of success on appeal. (Id. Ex. 10 at 5-6.)  The Missouri Court of Appeals stated, "[W]e cannot say that Flottman's decision to pursue the Batson issue in order to maximize the likelihood of success on appeal was ineffective assistance of

counsel or prejudiced Movant." (Id. at 6.)

The Missouri Court of Appeals decision was reasonable under the circumstances of this case. There was sufficient evidence to support the guilty verdict on the attempted armed robbery charge. Therefore, petitioner would not likely have prevailed on appeal on this ground.

This ground is without merit.

**RECOMMENDATION**

For the reasons set forth above, it is the recommendation of the undersigned that the petition of Kerry Carter for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be denied.

The parties are advised they have ten days to file documentary objections to this Report and Recommendation. The failure to file timely documentary objections may waive issues of fact on appeal.

/S/   David D. Noce
**UNITED STATES MAGISTRATE JUDGE**

Signed on May 20, 2009.